[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11754
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20031-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORY JOHN STARR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 8, 2019)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Tory Starr appeals his above-guideline 120-month sentence imposed after he pleaded guilty to possession of ammunition by a convicted felon under 18 U.S.C. § 922(g)(1).  On appeal, Starr argues that his sentence was both procedurally and substantively unreasonable because the district court unjustifiably relied on his criminal history to impose an upward-variance sentence.  We affirm.

## I.    Factual and Procedural Background

Starr was charged in a single-count indictment with possession of ammunition by a convicted felon under 18 U.S.C. § 922(g)(1).  He pleaded guilty without a plea agreement.

Before Starr's initial sentencing hearing, the probation officer prepared a presentence investigation report (PSI) that described the "offense conduct" as follows.  In November 2015, a Hispanic police officer approached a person later identified as Starr loitering outside a grocery store.  After failing to comply with the officer's instructions, Starr went inside the store.  Surveillance footage showed Starr run to the back of an aisle, pull out a revolver, point it at the officer, and fire.  The officer took cover behind another aisle and returned fire.  No one was injured, and Starr fled the store.  A witness told police the type of car the then-unknown individual drove.  When police officers discovered and pulled over the car, Starr ran on foot.  Police eventually caught and arrested him.

2

While in the police car, Starr stated that he was trying to kill the officer in the store because he was tired of being harassed by Hispanic officers, and later stated that the incident was the result of previous harassment he had suffered at the hands of Hispanic officers. A search of Starr's car uncovered 73 rounds of ammunition. The PSI stated that Starr was subsequently charged with attempted murder in state court.[1]

When calculating the base offense level, the probation officer noted that the Guideline for 18 U.S.C. § 922(g)(1) offenses is found in U.S.S.G. § 2K2.1. The probation officer recommended, however, that the district court apply the Guideline for first degree murder. According to the probation officer, because the defendant used or possessed ammunition in connection with the attempted commission of another offense—namely, first degree murder—the district court should cross-reference that crime. *See* U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1 (cross-referencing provisions). The applicable guideline for attempted murder is found in U.S.S.G. § 2A2.1(a)(1). That section provides that an offense, the object of which would have constituted first degree murder, has a base offense level of 33. U.S.S.G. § 2A2.1(a)(1). Starr also received a six-level enhancement under U.S.S.G. § 3A1.2(c)(1) because he created a substantial risk of serious bodily

---

[1] At the time the PSI was prepared, Starr had not yet been convicted of the attempted murder charge.

3

injury to a police officer.  Based on the base offense level of 39, and a criminal history Category of V, the resulting Guideline range was 324 to 405 months' incarceration.  Because the statutory maximum sentence was 10 years, however, the Guideline range was reduced to 120 months' incarceration.

Starr made several objections to the PSI.  First, he objected to the PSI's discussion of the "offense conduct," arguing that it was inaccurate and incomplete. Next, he objected to the PSI's Guideline range calculation, arguing that it improperly cross referenced the attempted murder Guideline provision.  According to Starr, the district court had not made the necessary findings to hold that he had attempted to murder the officer.  He also argued that he was ineligible for the six-level enhancement under U.S.S.G. § 3A1.2(c)(1) because there was no proof that his possession of ammunition was connected to the shooting.  Finally, Starr objected to the factual allegations included in the PSI's discussion of his criminal history.

At the first sentencing hearing, the district court heard evidence on Starr's objections.  The government called Brian Blanco, a police officer, who testified that he approached Starr in front of a convenience store and that Starr then entered the store and starting shooting at Blanco and other store patrons, including children.  Blanco later testified that he did not remember if Starr shot at him,

recalling only that Starr pointed a gun at him.[2]  The only ammunition casings recovered from the store belonged to Blanco's gun.

Based on this testimony, the district court impliedly overruled Starr's objections, concluding that the evidence showed beyond a preponderance that Starr went into the convenience store with a gun and pointed the gun at Blanco, that shots were fired, that Starr fled, and that he was later arrested.  Ultimately, the district court determined that the ammunition found in Starr's car was used in connection with attempted first degree murder.  The court then sentenced Starr to 120 months' incarceration followed by 3 years' supervised release.

Starr appealed, arguing that the district court failed to make the required findings to apply the cross-reference provision, *see* U.S.S.G. § 2K2.1(c)(1), which would apply if Starr's ammunition was used "in connection with" the "attempted commission of another offense."  Starr also argued that the district court did not make the findings required to apply the Guideline section for attempted first degree murder using that cross-reference provision.  Specifically, he argued that the district court failed to find by a preponderance of the evidence that he had the requisite intent to attempt to murder the officer.  We agreed with Starr, vacated his

---

[2] Video surveillance footage of the shooting was admitted into evidence.  The footage indicates that Starr did indeed fire a shot at Blanco.

sentence and remanded for resentencing. *United States v. Tory Starr*, 717 F. App'x 918, 924 (11th Cir. 2017).

On remand, the probation officer then prepared another PSI ("revised PSI"). The "offense conduct" section remained virtually unchanged, adding only that Starr had since been convicted in state court of first degree murder, felon in possession of a firearm, and carrying a concealed firearm, for which he received a 20-year sentence of incarceration. In discussing Starr's criminal history, the revised PSI stated that he had five juvenile convictions and 20 prior adult convictions, not including his state conviction for the instant offense.

The revised PSI's offense-level calculation was the same as in the previous PSI. Based on an offense level of 39 and a criminal history category of V, the resulting guideline range was 360 months to life imprisonment. But, because the statutory maximum sentence was 10 years, the Guideline range was reduced to 120 months. Starr raised his prior objections again.

At sentencing, the district court sustained Starr's objections to the Guideline range. The court recalculated the Guideline range, applying a base offense level of 20. *See* U.S.S.G. § 2K.2.1(a)(4)(A) (providing for a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense"). It then applied a three-level total reduction for acceptance of

responsibility under U.S.S.G. § 3E1.1(a) and (b).  Based on an offense level of 17, and a criminal history category of V, the resulting Guideline range was 46 to 57 months' imprisonment.

The court then heard oral arguments regarding the updated Guideline range. The government argued for an upward-variance sentence of 120 months' imprisonment based on the offense conduct and Starr's criminal history.  Starr requested a within-guideline sentence in light of his state sentence.  According to Starr, by the date of his release from state prison he would be 53, an age where recidivism was less likely.

The district court sentenced Starr to 120 months' incarceration, followed by 3 years' supervised release, noting how Starr's record evinced a "propensity to violence" that made an upward variance appropriate to protect society from his future criminal conduct.  The court explained that it considered the parties' statements, the PSI, the advisory guidelines, and the § 3553(a) factors.  It stated that the sentence was imposed because of the nature and circumstances of the offense—that Starr used a firearm in a store where children were present and that he stated that he intended to shoot at Hispanic police—and his criminal history. Starr appeals, arguing that the sentence was procedurally and substantively unreasonable.

## II.    Discussion

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 592 (2007).  Reviewing the reasonableness of a sentence requires us to consider (1) whether the district court committed a significant procedural error, and (2) whether the sentence is substantively reasonable.  *Id.* at 51.  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).  The party challenging the sentence bears the burden of proving that the sentence is unreasonable in light of the totality of the circumstances and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court commits a significant procedural error if it fails to calculate, or improperly calculates, the Guideline range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the sentence, including a deviation from the Guideline range.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  Although the district court must consider the § 3553(a) factors, it need not analyze

8

each of the factors individually in order for the sentence to be procedurally reasonable; rather, the district court may acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Where the district court imposes a sentence outside the Guideline range, it must provide a sufficiently compelling justification to support the degree of the variance. *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. A defendant's criminal history, on its own, can be a sufficiently compelling reason to justify an upward variance. *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (holding that the district court did not abuse its discretion when it applied an upward departure to the Guideline range and then imposed a sentence above it based solely on the defendant's criminal history).

Here, the district court did not impose a procedurally or substantively unreasonable sentence and thus did not abuse its discretion. The district court committed no procedural error because it did not fail to calculate or incorrectly calculate the Guideline range, it did not treat the Guidelines as mandatory, it stated that it considered the sentencing factors, and it explained its sentence, including its reasons for imposing an upward variance. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The sentence was also not based on clearly erroneous facts—Starr's criminal history includes several convictions for violent offenses. *See id.* at 51. Accordingly, the district court committed no procedural error.

Likewise, Starr's sentence was not substantively unreasonable. Starr argues that the district court improperly relied solely on his criminal history when deciding to apply an upward variance. This argument fails because the district

10

court considered the totality of the circumstances as well as the § 3553(a) factors in making its determination.  Specifically, the district court noted Starr's criminal history, his propensity for committing violent crimes, and how he is a danger to society.  *See* 18 U.S.C. § 3553(a)(1), (2)(C).  It is true that the district court gave substantial weight to Starr's criminal history, but the decision to do so is within its discretion, *see Clay*, 483 F.3d at 743, and was supported by the record—Starr has a criminal history spanning the entirety of his adult life and early adolescence, including five convictions for violent offenses.

Because the sentence was neither procedurally nor substantively unreasonably, we affirm.

**AFFIRMED.**

11